COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

HALL FORD and
 THE VADA GROUP SELF-INSURANCE ASSOCIATION

MEMORANDUM OPINION*

v.   Record No. 0937-96-1

PER CURIAM
OCTOBER 1, 1996

RANDY FRANKLIN EDGERTON

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Michelle ReDavid Rack; Huff, Poole &
Mahoney, on brief), for appellants.

(Robert E. Walsh; Matthew H. Kraft; Rutter &
Montagna, on brief), for appellee.

The sole issue on this appeal is whether the Workers'
Compensation Commission ("commission") erred in finding that Dr.
Thomas M. Stiles was Randy Franklin Edgerton's authorized
treating physician, and in holding Hall Ford and its insurer
(hereinafter collectively referred to as "employer") responsible
for the cost of medical treatment rendered by Dr. Stiles to
Edgerton.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So
viewed, the evidence proved that Edgerton injured his right

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

shoulder in the course of his employment on June 15, 1995.  The employer does not challenge the commission's finding that Edgerton proved he sustained a compensable injury by accident.  On July 1, 1995, Edgerton sought medical treatment for his shoulder injury at a hospital emergency room.  Dr. Howard diagnosed probable bursitis, prescribed a sling, and placed Edgerton on restricted duty.  Two days later, Dr. Belvin diagnosed right shoulder tendinitis, injected Edgerton's shoulder, and continued Edgerton on restricted duty.  Dr. Belvin later referred Edgerton to Dr. Earl White, an orthopedic surgeon.

Edgerton saw Dr. White on July 17, 1995.  Edgerton stated that he went to Dr. White because employer told Dr. Belvin to refer Edgerton to Dr. White.  Edgerton learned, however, that employer had denied his claim just before or at about the same time he saw Dr. White.  Dr. White injected Edgerton's shoulder and recommended that Edgerton remain on light duty until July 31, 1995.

On July 18, 1995, Edgerton sought medical treatment from Dr. Stiles, an orthopedic surgeon.  Edgerton decided to go to Dr. Stiles because he lacked confidence in Dr. White.  Dr. White had operated on Edgerton's left knee four years earlier with unsatisfactory results.  In addition, Dr. Stiles had operated on Edgerton's friend's knee and had obtained a satisfactory result. Dr. Stiles performed arthroscopy surgery on Edgerton's right shoulder on August 3, 1995, and provided post-operative

2

treatment.

In ruling that Dr. Stiles was an authorized treating physician, the commission found that after the employer approved the appointment with Dr. White, the employer denied the claim. The commission also found that the employer did not offer a panel of physicians to Edgerton. Edgerton's testimony provides credible evidence to support these findings. Thus, they are binding on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Employer's denial of Edgerton's claim required him to seek and pay for his own medical care. "When [employer] denied liability, [Edgerton] 'was entitled to choose his own physician.'" Bassett Burkeville Veneer v. Slaughter, 21 Va. App. 575, 578-79, 466 S.E.2d 127, 129 (1996) (quoting Goodyear Tire & Rubber Co. v. Pierce, 9 Va. App. 120, 129, 384 S.E.2d 333, 338 (1989)). Moreover, Edgerton's single visit to Dr. White at approximately the same time Edgerton learned of employer's denial did not constitute a free choice of a treating physician. Edgerton went to Dr. White at employer's direction. Because he did not seek out Dr. White on his own, he was free to select his own treating physician after employer denied his claim. Id. Edgerton chose Dr. Stiles and then pursued a continuous course of treatment with him.

Based upon this record, the commission properly ruled that Dr. Stiles was an authorized treating physician. Accordingly, we

3

affirm the commission's decision holding employer responsible for the cost of Dr. Stiles' treatment.

Affirmed.